**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DAVID E. MCLAUGHLIN                                                   PETITIONER

VS.                              CASE NO. 5:16CV00290 DPM/PSH

WENDY KELLEY, Director of the
Arkansas Department of Correction                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

D. P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do

so, those objections must: (1) specifically explain the factual and/or legal basis for your objection;

and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this

Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

David E. McLaughlin ("McLaughlin") seeks a writ of habeas corpus pursuant to 28 U.S.C.

§2254.  He is currently in the custody of the Arkansas Department of Correction (ADC) following

a 2012 jury trial in the Circuit Court of Garland County on the charges of commercial burglary and

criminal mischief.  McLaughlin was charged as an habitual offender because he had four or more

prior convictions.  He was sentenced to thirty years' imprisonment on each charge, with the

sentences to be served consecutively.  On direct appeal, McLaughlin unsuccessfully raised one claim

– trial court error in failing to grant a mistrial for violation of the trial court's ruling on a motion in

limine.  *McLaughlin v. State*, 2013 Ark. App. 26.

McLaughlin sought Rule 37 postconviction relief in state court, advancing three claims

of ineffective assistance of counsel.[1]  The trial court summarily denied this petition in May 2013. McLaughlin appealed the trial court's order, and also requested a more detailed ruling.  In June 2013, the trial court issed more detailed findings of fact and conclusions of law.  McLaughlin did not appeal from this later order of the trial court.  In his appeal of the earlier order, McLaughlin filed a motion to submit additional caselaw.  The Arkansas Supreme Court denied this motion and affirmed the trial court May 2013 ruling.  Despite limiting its denial to the May 2013 ruling, the Arkansas Supreme Court addressed six arguments: (1) the trial court erred in denying McLaughlin's Rule 37 petition without conducting a hearing; (2) ineffective assistance of counsel for failing to move to suppress the introduction of a Pepsi bottle containing his DNA; (3) ineffective assistance of counsel for failing to object to witness Jonathan Burfiend; (4) ineffective assistance of counsel for failing to object to witness Kelly Dixon; (5) ineffective assistance of counsel for failing to object to the introduction of a state crime lab form; and (6) ineffective assistance of counsel for failing to ask that a juror be excused.  *McLaughlin v. State*, 2015 Ark. 335.

> In his federal habeas corpus petition, McLaughlin claims:
>
> (1) he received ineffective assistance of counsel when his attorney failed to file a motion to suppress the DNA results from the Pepsi bottle;
>
> (2) he received ineffective assistance of counsel when his attorney failed to object to witnesses Burfiend and Dixon and failed to object to the admission of a state crime lab report;
>
> (3) he was denied a Rule 37 hearing without sufficient findings; and
>
> (4) he received ineffective assistance of counsel when his attorney failed to seek removal of a juror.
>
> **Procedural Default:**  Respondent Wendy Kelley ("Kelley") contends that three specific

---

[1]McLaughlin alleged his trial counsel should have moved to exclude DNA evidence, should have moved to exclude a juror from the panel, and should have moved to exclude the testimony of a police officer who collected oral DNA samples from McLaughlin.

claims of ineffective assistance of counsel are not properly before this Court due to McLaughlin's failure to adequately raise them in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, Kelley contends that McLaughlin did not raise in state court the argument that a video was not provided to the defense prior to trial. This argument was raised by McLaughlin as part of his first claim in this petition. Also, Kelley urges that two claims of ineffective assistance of counsel (that McLaughlin's attorney filed to object to witness Dixon on the basis that he was added to the witness list without adequate notice, and that his attorney failed to object to the admission of a crime lab form) were not considered in state court because the Arkansas Supreme Court found McLaughlin did not raise these arguments with the trial court. These two arguments are raised as part of McLaughlin's second claim for relief.

By Order of the Court dated January 20, 2017, McLaughlin was notified of his opportunity to explain why the cited claims of ineffective assistance of counsel should not be dismissed as procedurally barred. McLaughlin responded, faulting his attorney[2] for failing to preserve and pursue all claims. Docket entry no. 16.

When examining procedural default issues, we are aware of *Martinez v. Ryan*, 566 U.S. 1(2012), and *Trevino v. Thaler*, 133 S.Ct. 1913 (2013), cases dealing with the provision of effective counsel in post-conviction proceedings, such as Rule 37 Arkansas proceedings. It is clear that the absence of counsel, or ineffective counsel, in a Rule 37 proceeding may amount to cause for McLaughlin's procedural default.

Rather than exploring the intricacies of the Arkansas procedural rules and considering the current state of the law as it relates to *Martinez* and *Trevino, supra,* we find it more appropriate and a better use of judicial resources to proceed to the merits of the claims advanced by McLaughlin. We are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach
> the merits than to go through the studied process required by the procedural

---

[2]McLaughlin's trial attorney was Dale Adams, and on direct appeal he was represented by Casey Copeland.

default doctrine.  Recent commentary points up the problems with the cause and prejudice standard:

> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . .  In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)).

We turn to the merits of McLaughlin's claims. Claims 1, 2, and 4 are allegations of ineffective assistance of counsel, and we consider them collectively.  The Arkansas Supreme Court ruled on some of his claims regarding his attorney in his appeal of his Rule 37 petition, as follows:

> In 2012, appellant David Edward McLaughlin was found guilty by a jury in the Garland County Circuit Court of commercial burglary and criminal mischief in the first degree. He was sentenced as a habitual offender to an aggregate term of 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *McLaughlin v. State,* 2013 Ark. App. 26, 2013 WL 244444.

> McLaughlin subsequently filed in the circuit court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). By order entered May 20, 2013, the circuit court summarily denied the petition without an evidentiary hearing, and McLaughlin timely filed a notice of appeal from the order on June 12, 2013. On June 13, 2013, the circuit court entered a second order denying postconviction relief in which it made more specific findings of fact and conclusions of law. No subsequent or amended notice of appeal was filed.

> Now before us is McLaughlin's motion seeking leave to introduce case law. Specifically, he requests permission to amend his brief-in-chief to add citation to a case, which he contends supports the proposition that the circuit court lacked jurisdiction to enter a second order denying relief after the notice of appeal had been filed.  Because it is well settled that the circuit court does not lose jurisdiction to enter any further rulings in a Rule 37.1 proceeding until a notice of appeal has been filed *and* the record is lodged in the appellate court, we deny the motion. *See Garcia v. Arnold,* 2012 Ark. 253, 2012 WL 1950252 (per curiam). We note, however, that our review is limited to the circuit court's first order, entered May 20, because McLaughlin did not amend his notice of appeal after entry of the June 13 order. *See Carter v. State,* 2015 Ark. 166, 460 S.W.3d 781.

> As the matter has been fully briefed by both parties, we now turn to the merits of the appeal.  This court will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous.  *Pankau v. State*, 2013 Ark. 162, 2013 WL 1694909. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State,* 2012 Ark. 155, 400 S.W.3d 694.

4

We first address McLaughlin's argument that the circuit court erred in denying the Rule 37.1 petition without holding an evidentiary hearing. Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Johnson v. State,* 2014 Ark. 74, 2014 WL 688981. When the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Johnson,* 2014 Ark. 74, 2014 WL 688981. When the circuit court fails to make such findings, it is reversible error, except in cases where it can be determined from the record that the petition is wholly without merit or which the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Johnson,* 2014 Ark. 74, 2014 WL 688981.

There is no requirement that the court grant an evidentiary hearing on an allegation other than one of specific facts from which it can be concluded that the petitioner suffered some actual prejudice.  *McDaniels v. State*, 2014 Ark. 181, 432 S.W.3d 644. The strong presumption in favor of counsel's effectiveness cannot be overcome by a mere possibility that a hearing might produce evidence to support an allegation contained in a petition for postconviction relief. *Id.* Despite the absence of specific findings in the instant case, it is evident from the face of the petition and the record that no relief was warranted.

In his remaining points on appeal, McLaughlin argues that the circuit court erred in not finding that counsel rendered ineffective assistance in failing to file a motion to suppress evidence, failing to object to additional witnesses called by the State and to a crime-lab form introduced by the State, failing to cross-examine the State's final six witnesses, and failing to request that a juror be removed from the jury. When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the Supreme Court of the United States in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State,* 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State,* 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State,* 2012 Ark. 181, 403 S.W.3d 55.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State,* 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Houghton v. State,* 2015 Ark. 252, 464 S.W.3d 922. The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

As his first claim of ineffective assistance, McLaughlin argues that trial counsel was ineffective in failing to file a motion to suppress the introduction of a soft-drink bottle that was entered into evidence by the State. Specifically, he asserts that there are questions regarding the chain of custody and the foundation or authentication of the bottle, and, in support of his contentions, he points to alleged discrepancies in Detective Mike Brown's testimony regarding the description of the bottle and the time the bottle was entered into evidence at the police department. He also points to "Property Inventory Forms" that indicate that the bottle was entered into evidence but do not include the color of the bottle or the name of the entering officer. McLaughlin further states that Detective Brown was "deceptive" throughout his testimony and that this "would leave you to believe he could also be deceptive about where the bottle originated from."

At trial, the State presented the testimony of several Hot Springs police officers and detectives and Arkansas State Crime Lab employees to establish the chain of custody of the soft drink bottle. Detective Brown testified that he obtained a drink bottle during his crime-scene  investigation and that he placed the bottle into evidence at the Hot Springs Police Department. Detective Brown further testified that a viewing of the store's security-camera footage revealed that prior to the intruders' entrance, there were no drink bottles in the area of the crime scene. Edward Osborne testified that, at the time of the investigation, he worked in the property-and-evidence room of the Hot Springs Police Department and that he transported the drink bottle to the state crime lab for DNA testing. Kevin Sontag, an employee of the crime lab, testified that he examined the drink bottle for DNA evidence by swabbing the cap and the mouth of the bottle. Finally, Mary Simonson, a forensic DNA examiner at the crime lab, testified that the DNA obtained from the drink bottle matched McLaughlin's DNA. The drink bottle was then admitted into evidence by the State without objection.

When it is alleged that counsel was ineffective for the failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious. *Leach v. State,* 2015 Ark. 163, 459 S.W.3d 795. Counsel is not ineffective for failure to make a motion or argument that is meritless. *Camargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001). The allegations raised in

6

McLaughlin's Rule 37.1 petition, as well as those arguments raised on appeal, are conclusory and fail to establish that any motion to suppress made by trial counsel would have been granted by the circuit court. The State offered evidence to establish chain of custody in the instant case, and trial counsel did, in fact, argue that the chain of custody of the soft-drink bottle had not been established when he moved for a directed verdict, which was denied. As for McLaughlin's arguments regarding discrepancies in Detective Brown's testimony as to the color of the soft-drink bottle and the date that the bottle was entered into evidence, those discrepancies were elicited by trial counsel on cross-examination. Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law. *Green v. State,* 365 Ark. 478, 231 S.W.3d 638 (2006).

As his second claim of ineffective assistance, McLaughlin argues that trial counsel was ineffective in failing to object to additional witnesses called by the State, as well as to the State's crime-lab form, and in failing to cross-examine the State's final six witnesses. On appeal, McLaughlin avers that the State's witnesses, Jonathan Burfiend and Kelly Dixon, were not included on the witness list that was provided to the defense prior to trial. According to McLaughlin, trial counsel should have objected to these witnesses, and his failure to do so was prejudicial. Again, McLaughlin's allegations are entirely conclusory, and he offers no factual substantiation to support his claim of prejudice. That is, he fails to allege that any objection to the witnesses would have been ruled on in favor of the defense or that, had trial counsel objected to these witnesses, there is a reasonable probability that the outcome of the trial would have been different. An appellant must do more than allege prejudice; he must demonstrate it with facts. *Garcia v. State,* 2013 Ark. 405, 2013 WL 5596022 (per curiam).

Moreover, we note that McLaughlin failed to argue in his Rule 37.1 petition that trial counsel was ineffective in failing to object to the testimony of Kelly Dixon, and this allegation is not preserved for appellate review. Likewise, McLaughlin's remaining arguments regarding counsel's failure to object to the introduction of a crime-lab form and failure to cross-examine witnesses are also not preserved for appellate review. Claims not raised below will not be reviewed by this court on appeal. *Anderson v. State,* 2015 Ark. 18, 454 S.W.3d 212 (per curiam). We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Thornton v. State,* 2014 Ark. 113, 2014 WL 1096263 (per curiam).

To prevail on an allegation of ineffective assistance of counsel with regard to the seating of the jury, a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Hayes v. State,* 2011 Ark. 327, 383 S.W.3d 824 (per curiam). To accomplish this, a petitioner must demonstrate actual bias. *Id.* The actual bias must have been sufficient to prejudice the petitioner to the degree that he was denied a fair trial. *Id.* Here, McLaughlin did not assert in the Rule 37.1 petition, nor does he assert on appeal, that the juror in question recognized him as someone with whom she once had an altercation or that she was biased against him. McLaughlin's allegations that trial counsel should have requested that the juror be excused because she recognized his mother are conclusory and cannot overcome the presumption that counsel is effective. *Sherman v. State,* 2014 Ark. 474, 448 S.W.3d 704 (per curiam).

7

> Based on the *Strickland* standard, we cannot say that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. As stated, this court will uphold the judgment of the circuit court denying postconviction relief unless the appellant demonstrates that the judgment was clearly erroneous. To establish that the circuit court erred in finding that counsel was not ineffective, the petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State,* 2013 Ark. 179, 2013 WL 1776683 (per curiam); *see also Moore v. State,* 2014 Ark. 231, 2014 WL 2019280 (per curiam). McLaughlin has not met that burden. Accordingly, the circuit court's order is affirmed.

*McLaughlin v. State*, 2015 Ark. 335.

We first consider McLaughlin's claims of ineffective assistance of counsel which were addressed and decided in state court.  These claims are: one, his attorney was ineffective for failing to file a motion to suppress the introduction of a soft-drink bottle that contained his DNA; two, his attorney was ineffective in failing to object to witness Jonathan Burfiend; and three, his attorney was ineffective for failing to request that a juror be removed from the jury.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court."  28 U.S.C. § 2254(d)(1), (2).  The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."  A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>     . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

McLaughlin argues only that ineffective assistance of counsel is the reason for any

deficiencies and erroneous rulings.  Docket entry no. 16.  McLaughlin does not address whether the state court ruling was contrary to established federal law and he doesn't offer any specifics on how the state court decision was based on an unreasonable determination of the facts.

We will assume that McLaughlin argues these claims are meritorious because the state courts unreasonably applied *Strickland v. Washington*, 466 U.S. 688 (1984), and other Supreme Court cases concerning ineffective assistance of counsel.  *Strickland* and the other cited cases are unquestionably "clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1).

McLaughlin bears the burden of showing the foregoing decision of the Supreme Court of Arkansas unreasonably applied *Strickland* and other United States Supreme Court decisions.  To show this, McLaughlin must overcome a deference and latitude which must be granted to the state court's decision.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664).  We have carefully reviewed the trial transcript, and find there is nothing unreasonable about the Supreme Court of Arkansas' finding that McLaughlin failed to satisfy the first prong of the *Strickland* analysis.  The Supreme Court of Arkansas found that any effort to preclude the introduction of the Pepsi bottle would not have succeeded, and that the other two claims of ineffective assistance of counsel were conclusory and without factual basis.  In sum, the decision of the state courts was not an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court.  Similarly, McLaughlin offers no persuasive allegation that the state courts' decision was an unreasonable determination based on the facts adduced at trial.  There is no merit to these three claims of McLaughlin.

McLaughlin also advances three additional claims of ineffective assistance of counsel, none of which were fully addressed by the state courts.  These claims are: one, his attorney was ineffective for failing to obtain the crime scene video prior to the trial; two, his attorney was

ineffective for failing to object to the testimony of witness Kelly Dixon; and three, his attorney was ineffective for failing to object to the admission of a crime lab form.  As previously noted, we will bypass Kelley's argument that these claims are procedurally barred due to McLaughlin's failure to adequately pursue the claims in state court.

Since the state courts did not address the claims, there is no earlier opinion entitled to deference under the statutory framework, as with the first three claims.  See 28 U.S.C. § 2254(d)(1), (2).  Even considering these claims without the benefit of a prior state court ruling, McLaughlin fails to satisfy either prong of the *Strickland v. Washington* framework.  Put another way, McLaughlin fails to show that his trial attorney erred in any of the three ways cited.  A review of the trial transcript shows no reason that the trial attorney should have acted as McLaughlin suggests, and thus he shows no unreasonable behavior on the attorney's part.  Even if we were to generously assume some attorney error, it is incumbent upon McLaughlin to show prejudice stemming from the errors.  In this regard, McLaughlin cannot prevail, as he cannot show the outcome of the trial would have changed had his attorney acted differently.  There is no merit to these three assertions of ineffective assistance of counsel.

The lone remaining claim is McLaughlin's contention that he was denied a Rule 37 hearing without sufficient findings.  The Supreme Court of Arkansas addressed this allegation in the appeal of McLaughlin's Rule 37 petition, denying the claim and holding "[t]here is no requirement that the court grant an evidentiary hearing on an allegation other than one of specific facts from which it can be concluded that the petitioner suffered some actual prejudice." *McLaughlin v. State*, 2015 Ark. 335.

In so doing, the Arkansas court decided an issue of Arkansas procedural law.  Thus, the ruling on this issue differs from its ruling on the claims of ineffective assistance of counsel, where the state court applied clearly established federal law concerning McLaughlin's sixth amendment right to receive effective assistance of counsel.  This difference is critical, as federal habeas corpus relief is available only for violations of the Constitution or laws or treaties of the

United States.  28 U.S.C. § 2254(a)(1).  As a result, an allegation of a procedural error in

McLaughlin's Rule 37 proceeding does not amount to a cognizable claim in this habeas corpus

action.  In *Williams-Bey v. Trickey*, 894 F.2d 314 (8th Cir. 1990), the petitioner sought habeas

relief citing the failure of the state postconviction court to make findings on an alleged breach of

discovery.  The Eighth Circuit Court of Appeals found:

> Section 2254 only authorizes federal courts to review the constitutionality of a
> state criminal conviction, not infirmities in a state post-conviction relief
> proceeding. *Mitchell v. Wyrick,* 727 F.2d 773, 774 (8th Cir.) (alleged denial of
> effective assistance of counsel at Rule 27.26 hearing is not cognizable under §
> 2254), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). Because
> there is no federal constitutional requirement that states provide a means of post-
> conviction review of state convictions, an infirmity in a state post-conviction
> proceeding does not raise a constitutional issue cognizable in a federal habeas
> petition. *Williams v. State of Missouri,* 640 F.2d 140, 143 (8th Cir.), *cert. denied,*
> 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Habeas relief is available
> to a state prisoner "only on the ground that he is *in custody* in violation of the
> constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a)
> (emphasis added). Appellant's claim that the Missouri post-conviction court failed
> to make findings concerning his allegation that the prosecution withheld
> discovery is collateral to appellant's conviction and detention, and is therefore not
> cognizable in a 28 U.S.C. § 2254 petition.

894 F.2d at 317.  Guided by the 28 U.S.C. § 2254(a)(1) and *Willliams-Bey*, we recommend this

claim be dismissed as it is not a cognizable habeas corpus claim.[3]

**Conclusion:**

McLaughlin's various claims of ineffective assistance of counsel, whether presented in

state court or not, are without merit for the reasons cited herein.  Claim 3 is not a cognizable

federal habeas corpus claim and should therefore be dismissed.

For the foregoing reasons, we recommend the petition for writ of habeas corpus be

dismissed and the relief requested be denied.

---

[3]Even if McLaughlin had couched this claim as a violation of his due process rights, thereby
invoking the constitution, we find it without merit, as a petitioner demonstrates a denial of due
process only by showing the asserted error was so gross, conspicuously prejudicial, or otherwise
of such magnitude that it fatally infected the trial and failed to afford the petitioner the
fundamental fairness which is the essence of due process. *Maggitt v. Wyrick*, 533 F.2d 383 (8th
Cir. l976).  McLaughlin fails to show any error, much less one which rises to the level of a
constitutional violation.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right.  Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 6th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE